UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FRANKLIN J. COX, | ) |
| Petitioner, | ) ) ) |
| v. | ) CAUSE NO. 3:18-CV-076-JD-MGG |
| WARDEN, | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

Franklin J. Cox, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (WCC 17-07-483) where a Disciplinary Hearing Officer (DHO) found him guilty of asserting and/or filing a false lien or judgment in violation of Indiana Department of Correction (IDOC) policy A-122 on August 22, 2017. ECF 2 at 1. As a result, he was sanctioned with the loss of 120 days earned credit time and the imposition of a suspended sanction—the loss of 45 days earned credit time—for a total loss of 165 days earned credit time. ECF 2 at 1, 10-5 at 1-2. The Warden has filed the administrative record and Cox has filed a traverse. Thus, this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with

institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

2

In this case, Cox was charged with and found guilty of violating offense A-122. ECF 10-5 at 1-2. Specifically, IDOC offense A-122 prohibits inmates from "[a]sserting and/or filing a lien or judgment against any person when the basis for said lien or judgment is false or otherwise untrue." Indiana Department of Correction, Adult Disciplinary Process, Appendix I. *See* http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The Conduct Report charged Cox as follows:

At approximately 12:03 pm on July 24, 2017, I, Patrick Krueger, was notified by Central Office staff that Offender Franklin Cox 114766 has filed a frivolous lawsuit claiming he is owed credit time for classes which are not DOC-approved time cut programs.

By demanding credit time via a lawsuit for classes which are not and have never been DOC-approved time cut programs Offender Cox has violated ADP code A122: Asserting and/or filing a false lien or judgment.

ECF 10-1 at 1.

At the August 22, 2017, disciplinary hearing, Cox stated: "I never filed a lawsuit. I don't see how its frivolous when the judge gave me time to respond. The court would've shut it down if it was frivolous." ECF 10-5 at 1-2. The hearing officer then determined that Cox violated offense A-122, and sanctioned him with the loss of 165 days earned credit time—120 days for the A-122 offense and 45-days from a previously suspended sanction. *Id*.

In his petition, Cox argues there was insufficient evidence for the DHO to find him guilty. ECF 2 at 1. Here, Cox claims he "never filed a lawsuit" but instead he

3

simply filed a "Verified Petition for Additional Credit Time" in St. Joseph Superior Court that pertained to his criminal felony case. *Id*. He explains he filed the verified petition seeking credit time only for those classes or programs he took which were not part of the "regular courses" offered by the Indiana Department of Correction. *Id*.

In this case, the DHO found there was sufficient evidence to find Cox guilty of violating offense A-122. Here, the DHO considered the conduct report in which Patrick Krueger, a classification supervisor, documented the fact he had been notified by the prison's central office staff that Cox had filed a frivolous lawsuit claiming he was owed credit time for classes which were not IDOC-approved time cut programs. ECF 10-1 at 1. Krueger explained that, because Cox had demanded credit time for classes which had not been approved by IDOC, he violated offense A-122, which prohibits the filing of a false lien or judgment. *Id*.

Krueger's conduct report was based on the following set of facts. On June 28, 2017, Cox filed a Verified Petition for Additional Credit Time in the St. Joseph Superior Court under cause number 71D01-0111-CF-00461. ECF 10-8 at 1-4. This petition initiated a legal proceeding to determine whether Cox was entitled to credit time for 16 different activities he participated in while he was incarcerated at the Westville Correctional Facility. *Id*. Jennifer Farmer, who is IDOC's Director of Sentencing Computation and Release, supervises the process for awarding credit time to inmates and is familiar with the programs that have been approved by IDOC for credit time. ECF 10-10 at 1-2. Farmer reviewed the list of activities for which Cox sought credit time

4

in his petition and concluded that none of the activities qualified for additional credit time pursuant to IDOC's Policy and Administrative Procedure policy number 01-04-101. ECF 10-10 at 1-2, 12 at 1-2. *See* http://www.in.gov/idoc/files/01-04-101_Adult_Offender_Classification_11-1-2015.pdf. Section VII(F)(3)(b) of IDOC policy number 01-04-101 lists those programs that specifically qualify for additional credit time and states that "[t]he above listing represents a comprehensive roster of available time cut programs." *Id*. However, the activities listed in Cox's petition are not included in the list of IDOC programs approved for credit time. ECF 10-8 at 1-2, 10-10 at 1-2. The St. Joseph Superior Court summarily denied Cox's petition without a hearing and found that he was not entitled to any earned credit time for the programs he listed in his petition. ECF 10-9 at 1-2.

The court has reviewed the record in this case and finds there was insufficient evidence for the DHO to find Cox guilty of violating offense A-122. While a conduct report alone can be sufficient to support a finding of guilt, "the report [must have] describe[d] the alleged infraction in sufficient detail [and leave] no question that the conduct described would violate the prison rule." *McPherson*, 188 F.3d at 786. But here that is not the case. The conduct report—and underlying facts supporting the report—fail to establish that Cox filed a lien or judgment against another person that was false or otherwise untrue. Instead, Cox filed a verified petition in the St. Joseph Superior Court seeking credit time for classes and programs he took which were not part of the regular courses offered by IDOC. ECF 10-8 at 1-4. While the verified petition may have

5

been frivolous because the relief Cox sought was not sanctioned by IDOC, the petition itself—in no way, shape, or form—can be viewed as constituting that of a lien or judgment. There is also no evidence to suggest that Cox intended or actually filed the verified petition against another person. Rather, as stated, he filed the verified petition in the St. Joseph Superior Court against the State of Indiana in connection with his criminal case. ECF 10-8 at 1. Because there is no factual basis in the record to support the DHO's guilty finding, it was unreasonable and arbitrary for the DHO to conclude Cox violated offense A-122.

In light of the fact there was insufficient evidence to sustain the offense charged in the conduct report, the DHO did not have sufficient evidence to find Cox guilty. The court will overturn the hearing officer's decision only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994). Therefore, Cox is entitled to habeas corpus relief.

For these reasons, Franklin J. Cox's petition for writ of habeas corpus is GRANTED. The Warden is ORDERED to file documentation by **February 28, 2019**, showing that the guilty finding in WCC 17-07-483 has been vacated and that any earned credit time or demotion in credit time that Cox lost because of the guilty finding is restored.

SO ORDERED on January 28, 2019

       /s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT